UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

G & G CLOSED CIRCUIT EVENTS, LLC,

      Plaintiff,

v.

PORT BAR, INC., and KOLJA JUNCAJ,

      Defendants.

_____/

Case No. 14-12984

Honorable Nancy G. Edmunds

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [10]**

On July 30, 2014, Plaintiff, G & G Closed Circuit Events, LLC., filed this complaint against Defendant, Port Bar, Inc., and its principal, Kolja Juncaj, asserting claims under the Communications Act of 1934 ("the Act"), 47 U.S.C. §§ 553, 605, and the state law tort of conversion. Despite being served with a copy of the summons and complaint in this matter, on December 3, 2014 the clerk entered defaults against Defendants based upon their failure to plead or otherwise defend. (Dkt. # 8, 9).

Currently before the Court is Plaintiff's request for a default judgment against Defendants, jointly and severally, in the amount of $110,000 in statutory damages and $2,332.89 in attorney fees and costs.

Default judgment is governed under Fed. R. Civ. P. 55(b). Once a default is entered, the Defendants are considered to have admitted all of the well-pled allegations in the complaint. *Ford Motor Co. v. Cross,* 441 F.Supp.2d 837, 845 (E.D. Mich. 2006). However, where, as here, "damages are unliquidated[,] a default admits only defendant's liability and

the amount of damages must be proved." *Antoine v. Atlas Turner*, 66 F.3d 105, 110 (6th Cir. 1995).

The Court finds that Plaintiff's complaint, motion, and exhibits establish that Defendants violated §§ 553 and 605 of the Communications Act of 1934 by willfully intercepting and displaying the "Austin Trout v. Saul Alvarez, WBC Championship Fight" ("the fight") on April 20, 2013 at their commercial establishment located at 9420 Joseph Campau, Hamtramck, Michigan, 48212 ("Port Bar") for direct or indirect commercial advantage or private financial gain. More specifically, Plaintiff has demonstrated that (1) the fight was a "pay per view" program licensed by Plaintiff, (2) Defendants could have but did not pay to legitimately receive an unscrambled signal enabling them to view the fight by contracting with Plaintiff, (3) the minimum commercial rate charge for an establishment similar to Port Bar on the night in question was $800 (Pl.'s Mot., Ex. 9, Rate Card); and (4) an investigator hired by the Plaintiff, Willie Smith, visited Port Bar on April 20, 2013 entered without paying a cover charge, and observed between 18 and 20 people in the establishment watching the fight on two televisions. (*Id.* at Ex. 8, Smith Aff.).

Courts have held that "when a defendant is liable under both § 553 and § 605, a plaintiff may recover only under one section." *J & J Sports Prods., Inc. v. Stanley,* No. 12-14093, 2014 WL 2763635, *3 (E.D. Mich. June 18, 2014). Here, Plaintiff has elected to recover under 47 U.S.C. § 605. (Pl.'s Mot. 7). Under § 605(e)(3)(C)(i)(II), the Court may award damages for each violation "in a sum not less than $1,000 or more than $10,000, as the court considers just . . . ." Section 605(e)(3)(C) also permits the Court, "in its discretion," to "increase the award of damages . . . by an amount of not more than

$100,000" if it "finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii).

As the cases cited by Plaintiff make clear, it is well-established that the Court has great discretion in awarding damages under § 605. Several recent decisions in this area have provided helpful guideposts. First, the Court "should take into account the proportionality between the loss suffered by the plaintiff and the profit gained by the defendant." *J&J Sports Prods., Inc. v. Ribeiro*, 562 F. Supp. 2d 498, 501 (S.D. N.Y. 2008). "Facts relevant to this determination include the number of patrons in the establishment at the time the violation occurred, the seating capacity of the establishment, the various rates, including the residential rate, charged by the plaintiff for the viewing of the broadcast, and whether the defendant charged patrons a cover for the viewing or was likely to have obtained significant profits in another manner." *J&J Sports Prods., Inc. v. Trier*, No. 08-cv-11159, 2009 U.S. Dist. LEXIS 6415, at *3 (E.D. Mich. Jan. 29, 2009). Further,

> [w]hen the exact number of patrons is unknown, courts will award a flat fee sum based on consideration of justice. When the exact number of patrons is known, the court will base the award on the number of patrons in the establishment who viewed the unauthorized showing multiplied by a number set by the court. This number varies widely from $20 to $300, although most courts set a number around $50.

*J&J Sports Prods., Inc. v. Ribeiro*, 562 F. Supp. 2d 498, 501-502 (S.D. N.Y. 2008).

By way of example, in *Ribeiro* the court multiplied the applicable pay-per-view residential rate ($54.95) by the number of patrons in the bar (13) to arrive at $714.35, and then doubled that amount to $1,500 to meet the statutory minimum damages of $1,000. *Id.* at 502. Then, finding the violation willful, the court multiplied the damages by a factor of three, resulting in a grand total of $4,500. *Id.* In determining that the appropriate

3

multiplier should be three, the court observed that "although the amount of damages should be an adequate deterrent, a single violation is not so serious as to warrant putting the restaurant out of business." *Id.* (internal citation omitted).

Here, Plaintiff has not provided any information with respect to the residential rate that would have been charged for the fight, however, the underlying teaching of *Ribeiro* is no less applicable. Indeed, as the case law in this area demonstrates, the goal at this juncture is to simply (1) make the Plaintiff whole, and (2) determine whether damages should be enhanced for intentional interception of the fight. Utilizing this model, the Court finds that a base damage award of $800–the commercial rate Defendants would have been charged by Plaintiff for the fight–is sufficient in light of the relatively small number of patrons that were at Port Bar during the broadcast and the fact that Defendants did not charge a cover.

With respect to the willfulness of the violation, Plaintiff's investigator maintains that he has "reported this bar before" for similar acts of piracy. (Pl.'s Mot., Ex. 8, Smith Aff.). "For purposes of § 605, conduct is "willful" where there were repeated violations over time." *Joe Hand Promotions, Inc. v. Easterling*, 08-1259, 2009 WL 1767579, *4 (N.D. Ohio June 22, 2009). Moreover, the "court may also draw an inference of willfulness from a defendant's failure to appear and defend an action in which the plaintiff demands increased statutory damages . . . . " *Cable/Home Communication Corp. v. Network Prod. Inc.,* 902 F.2d 829, 851 (11th Cir. 1990). Based on the apparent willfulness of Defendants' actions, the Court will, in its discretion, multiply the base damages award of $800 by three. *See* 47 U.S.C. § 605(e)(3)(C)(ii); *see also Joe Hand Promotions, Inc. v. Granada Lounge, Inc.*, 11-13062, 2012 WL 447272 (E.D. Mich. Feb. 13, 2012) (multiplying the base damages award under § 605 by three). Accordingly, under §§ 605(e)(3)(C)(i)(II) and 605(e)(3)(C)(ii), Plaintiff's

statutory damages are $2,400.  Similar to *Ribeiro*, this Court finds that this amount of damages is an adequate deterrent and does not find that Defendants violation is so serious as to warrant the $110,000 in damages that Plaintiff seeks, an amount that could put Port Bar out of business.  *See Ribeiro*, 562 F. Supp. 2d at 502.

Under 47 U.S.C. § 605(e)(3)(B)(iii), the Court is also required to award to the prevailing party its full costs, including reasonable attorneys' fees.  Plaintiff's counsel has submitted an itemized invoice supporting an award of $2,332.89– $1,806 in attorney fees and $526.89 in costs ($400 filing fee; $126 in service fees). Based on Plaintiff's submissions regarding the reasonableness of its attorney fees and costs, the Court will award Plaintiff $2,332.89 in attorney fees and costs.

Plaintiff's motion for default judgment is GRANTED.  Plaintiff is awarded $2,400 in damages, and $2,332.89 in attorney fees and costs.

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  January 11, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 11, 2015, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager

5